UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

CB-2292-C
Eisenberg Gold & Agrawal, P.C.
William E. Craig, Esquire
1040 Kings Highway North #200
Cherry Hill, NJ 08034
Attorney for Credit Acceptance Corporation

In Re:

ROBIN RENE FOWLER- MIRABEAU

**Order Filed on March 20, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No. 25-17716

Judge: (CMG)

**ORDER RESOLVING OBJECTION TO CONFIRMATION AND MOTION TO REDUCE CLAIM**

The relief set forth on page number two (2) is hereby **ORDERED**.

**DATED: March 20, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

(Page 2)

Debtor: Robin Rene Fowler-Mirabeau

Case No: 25-17716

Caption of Order: Order Resolving Objection To Confirmation

This matter having brought before this Court on an Objection To Confirmation filed by William E. Craig, Esq., attorney for Credit Acceptance Corporation ("Credit Acceptance"), and a Motion To Reduce Claim filed by Candyce Ilene Smith-Sklar, Esquire on behalf of the Debtor, and this Order having been filed with the Court and served upon the Debtor and her attorney under the seven day rule with no objections having been received as to the form or entry of the Order and for good cause shown, it is hereby

**ORDERED:**

1. **That Credit Acceptance is the holder of a first purchase money security interest encumbering 2018 Toyota Corolla bearing vehicle identification number 2T1BURHE5JC067072.**

2. **That the secured amount that Credit Acceptance shall be paid through the Debtor's Plan shall be $11,209.51. This amount is reached using the agreed value of the vehicle of $9,000.00, amortized at 9.0% over 60 months.**

3. **That the Chapter 13 Trustee is hereby directed to make an immediate lump sum adequate protection payment to Credit Acceptance in the amount of $800.00 through March 2026 and thereafter, each month, commencing April 2026, make monthly adequate protection payments to Credit Acceptance in the amount of $100.00. Adequate protection payments to Credit Acceptance shall be made monthly up to and after confirmation, until all counsel fees have been paid and regular distributions begin to be made to Credit Acceptance. If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees. If, after confirmation, counsel fees remain to be paid, then adequate protection payments shall continue to be paid to Credit Acceptance until the remaining counsel fees have been paid. The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by Credit Acceptance through the Plan.**

4. **That Credit Acceptance shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtor receiving a discharge.**