UNITED STATES BANKRUPTCY COURT
District of New Jersey

Albert Russo
Standing Chapter 13 Trustee
Po Box 4853
Trenton, NJ  08650-4853
(609) 587-6888

**Order Filed on April 29, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Robin Rene Fowler-Mirabeau

Debtor(s)

Case No.: 25-17716 / CMG

Hearing Date:  04/22/2026

Judge: Christine M. Gravelle

Chapter: 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: April 29, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 12/23/2025, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of  60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$9,122.50 PAID TO DATE

$1,163.00 for 51 months beginning 5/1/2026

**ORDERED** that the case is confirmed with a calculated plan funding of $68,435.50. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:
NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that section(s) 7(a) in reference to Real Time Solutions is stricken from the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:
Real Time Resolutions is to be treated outside the plan per the consent order filed 4/22/26.

United States Bankruptcy Court

District of New Jersey

In re:                                                                              Case No. 25-17716-CMG

Robin Rene Fowler-Mirabeau                                                          Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 29, 2026 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 01, 2026:**

**Recip ID**          **Recipient Name and Address**
db             + Robin Rene Fowler-Mirabeau, 189 Hollowbrook Drive, Trenton, NJ 08638-2339

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 01, 2026          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 29, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Candyce Ilene Smith-Sklar | on behalf of Debtor Robin Rene Fowler-Mirabeau njpalaw@gmail.com  r56958@notify.bestcase.com |
| Matthew K. Fissel | on behalf of Creditor THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank  N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR6 Mortgage Pass-Throu bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com |
| Steven Eisenberg | on behalf of Creditor THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank  N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR6 Mortgage PassThroug bkecf@sterneisenberg.com, jmcnally@sterneisenberg.com;skelly@sterneisenberg.com;bkecf@sterneisenberg.com |
| Steven Eisenberg | on behalf of Creditor Real Time Resolutions  Inc. as agent for RRA CP Opportunity Trust 1 bkecf@sterneisenberg.com, |

District/off: 0312-3                                      User: admin                                          Page 2 of 2

Date Rcvd: Apr 29, 2026                              Form ID: pdf903                                  Total Noticed: 1

jmcnally@sterneisenberg.com;skelly@sterneisenberg.com;bkecf@sterneisenberg.com

Steven P. Kelly

on behalf of Creditor Real Time Resolutions  Inc. as agent for RRA CP Opportunity Trust 1 skelly@sterneisenberg.com,
bkecf@sterneisenberg.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

William E. Craig

on behalf of Creditor Credit Acceptance Corporation wcraig@egalawfirm.com
mortoncraigecf@gmail.com;alapinski@egalawfirm.com

TOTAL: 8